IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


KIRK EXCAVATING & CONSTRUCTION,
INC.,

        Plaintiff,

   vs.                                  Civil Action 2:14-cv-2097
                                        Magistrate Judge King

AYS OILFIELD, *et al.*,

        Defendants.


**<u>OPINION AND ORDER</u>**

    Plaintiff Kirk Excavating & Construction, Inc. ("Kirk

Excavating") asserts claims of breach of contract, unjust enrichment,

quantum meruit, and constructive trust in connection with certain work

performed for which it was allegedly not paid.  With the consent of

the parties pursuant to 28 U.S.C. § 636(c), this matter is before the

Court on Access MLP Operating, LLC's *Motion for Restraining Order and

Service of Process Authorized by 28 U.S.C. § 2361*, ECF 23 ("*Motion*").

Third-party defendant Columbus Equipment Company ("Columbus

Equipment") and third-party defendant Highway Equipment Company, Inc.

("Highway Equipment") have responded to the *Motion*.  *See Memorandum of

Columbus Equipment Company in Opposition to Motion of Access MLP

Operating, L.L.C. for Restraining Order and Service of Process*, ECF 31

("*Columbus Equipment's Initial Response*"), and *Proposed Third-Party

Defendant Highway Equipment Company, Inc.'s Limited Objection to

Motion for Restraining Order and Service of Process Authorized by 28*

*U.S.C. § 2361*, ECF 32 ("*Highway Equipment's Response*"), respectively. Access MLP Operating, LLC ("Access MLP Operating") has filed a reply memorandum. *See Access MLP Operating, L.L.C.'s Reply in Support of Motion for Restraining Order and Service of Process Authorized by 28 U.S.C. § 2361*, ECF 33 ("*Access MLP Operating's Reply*"). Access MLP Operating and Columbus Equipment subsequently supplemented their positions. *See Access MLP Operating, LLC's Notice of Funds Available for Immediate Deposit in Support of Motion for Restraining Order and Service of Process Authorized by 28 U.S.C. § 2361*, ECF 38 ("*Notice of Funds Available*"); *Response of Columbus Equipment Company to Access Midstream's Notice of Funds Available*, ECF 40 ("*Columbus Equipment's Supplemental Response*"); *Access MLP Operating, L.L.C.'s Reply in Support of Motion for Restraining Order and Service of Process Authorized by 28 U.S.C. § 2361 and § 1335*, ECF 42 ("*Access MLP Operating's Supplemental Reply*").[1]  For the reasons that follow, the *Motion* is **GRANTED** in part.

I.    **BACKGROUND**

Kirk Excavating, an Ohio corporation with its principal place of business in Columbus, Ohio, allegedly entered into a contract with defendant AYS Oilfield, a Louisiana entity doing business in Ohio, in April 2014 for certain work to be performed in Carroll County, Ohio, including the drilling of a borehole.  *Complaint*, ECF 2, ¶¶ 1-2, 9-15; *Exhibit A*, attached thereto ("the Kirk Excavating Contract").  Kirk

---

[1] Access MLP Operating filed two supplemental reply memoranda that appear to be identical.  *See* ECF 41, 42.  For ease of reference, the Court will refer to the second-filed supplemental reply.

Excavating completed this work in April and May of 2014. *Complaint*, ¶ 16. Although Kirk Excavating sent invoices in the total amount of $332,320.00, AYS Oilfield allegedly has not paid for the work performed. *Complaint*, ¶¶ 17-19; *Exhibit B*, attached thereto. Kirk Excavating alleges that AYS Oilfield's nonpayment constitutes a material breach of the Kirk Excavating Contract. *Id*. at ¶¶ 20-25. Kirk Excavating further alleges that Kirk Excavating conferred a benefit on defendants AYS Oilfield, RKJ Enterprises, LLC d/b/a At Your Service ("RKJ d/b/a At Your Service"), a Louisiana entity doing business in Ohio, and Access Midstream Partners, LP and Access Midstream Partners, GP, LLC, Delaware entities doing business in Ohio, and that defendants have been thereby unjustly enriched. *Id*. at ¶¶ 2-3, 20-35. According to Kirk Excavating, defendants Access Midstream Partners, LP and Access Midstream Partners, GP, LLC have "control over money that is earmarked or otherwise held to compensate AYS [Oilfield] for its work on Access' behalf." *Complaint*, ¶¶ 3, 37.

Access MLP Operating, L.L.C. ("Access MLP Operating") "operates a natural gas pipeline gathering system in Ohio which receives natural gas produced from horizontal shale wells that are producing in multiple counties located in eastern and southeastern Ohio." *Intervening Defendant Access MLP Operating, L.L.C.'s Answer to Complaint and Counterclaim, Cross-Claim and Third-Party Complaint for Interpleader*, ECF 21,[2] ¶ 6 of *Access MLP Operating's Counterclaim,*

---

[2] The Court will refer to pages 1-4 of this filing as "*Access MLP Operating's Answer*" and to pages 4-11 as "*Access MLP Operating's Counterclaim, Cross-Claim, and Third-Party Complaint for Interpleader*." Access Midstream

*Cross-Claim, and Third-Party Complaint for Interpleader*. Access MLP Operating allegedly entered into agreements with At Your Service Construction, Inc. ("At Your Service"), which Access MLP Operating believes is an affiliate and/or alter ego of RKJ d/b/a At Your Service, to provide construction services relating to the construction of natural gas pipelines in Ohio operated by Access MLP Operating (collectively, "Access MLP Operating's Construction Contract"). *Access MLP Operating's Counterclaim, Cross-Claim, and Third-Party Complaint*, ¶¶ 1-2. Pursuant to Access MLP Operating's Construction Contract, RKJ d/b/a At Your Service provided certain construction services. *Id*. at ¶ 3. Access MLP Operating has purportedly paid RKJ dba At Your Service for these services, but holds some funds in retainage that it is ready to release. *Id*. At the time of the filing of *Access MLP Operating's Counterclaim, Cross-Claim, and Third-Party Complaint for Interpleader*, Access MLP Operating represented that it held retainage on the following projects relating to work performed by RKJ d/b/a At Your Service:

1. Javersak Well Connect - $ 32,506.71

2. Ciacci Well Connect -      24,047.85

3. Mechanicstown Pipeline - <u>139,573.89</u>

                    Total: $ 196,128.45

*Id*. at ¶ 16. Without waiving its rights, Access MLP Operating further

---

Partners, LP and Access Midstream Partners, GP are, respectively, a Delaware limited partnership doing business in Ohio and a Delaware limited liability company doing business in Ohio. *Access MLP Operating's Answer*, ¶¶ 2-3. Access MLP Operating is a subsidiary of defendants Access Midstream Partners, LP and Access Midstream Partners, GP, LLC. *Access MLP Operating's Counterclaim, Cross-Claim, and Third-Party Complaint*, ¶ 6.

represented that it was "willing and able to pay $146,000.00 of the retainage held on the projects." *Id.* at ¶ 17. It explains that it "continues to hold the remaining amount of retainage at this time due to some work by RKJ [d/b/a At Your Service] being incomplete on the projects and upon confirmation of Final Completion as required pursuant to" its construction contract. *Id.*

Thereafter, Access MLP Operating revised the amount available for immediate deposit and retainage. *See Notice of Funds Available.* Specifically, Access MLP Operating represents that it should retain $12,000.00 to complete painting required at certain projects pursuant to its contractual rights. *Id.* at 2. It further represents that, excluding this retainage, it now holds a total of $428,198.73 that is available for immediate deposit. *Id.* at 2-3; Exhibit A (copies of two checks payable to "At Your Service" prepared in the combined amount of $428,198.73), attached thereto.

Multiple entities claim entitlement to certain funds and/or have filed proceedings in state or federal court asserting a right to certain funds.

**A. The Claims of RKJ d/b/a At Your Service**

Access MLP Operating alleges that RKJ d/b/a At Your Service "claims a right to payment pursuant to the terms" of Access MLP Operating's Construction Contract "as the party in privity with Access MLP Operating." *Access MLP Operating's Counterclaim, Cross-Claim, and Third Party Complaint*, ¶ 18(a); *RKJ Enterprises, LLC DBA At Your Service Construction's Answer to Counterclaim, Cross-Claim and Third*

*Party Complaint of Access MLP Operating, LLC*, ECF 26, ¶ 1 ("*RKJ d/b/a At Your Service Answer*").

**B. The Claims of Horizon Supply Company**

*Access MLP Operating's Counterclaim, Cross-Claim, and Third-Party Complaint* names, *inter alios*, Horizon Supply Company, Inc. ("Horizon Supply")[3] as a third-party defendant in the action presently before this Court. Access MLP Operating alleges that Horizon Supply is a limited liability company organized under the laws of Pennsylvania with its principal place of business in New Castle, Pennsylvania. *Access MLP Operating's Counterclaim, Cross-Claim, and Third-Party Complaint*, ¶ 12. Horizon Supply allegedly "has sent correspondence to Access MLP's counsel asserting that it holds a judgment against RKJ and made claims that it has a right to the Funds as a judgment creditor." *Id.* at ¶ 18(e).

**C. The Claims of Columbus Equipment**

Columbus Equipment has instituted to separate actions to obtain certain funds.

**1. *Columbus Equipment Company v. Jones*, Franklin County Case No. 14CV-07-7212**

On July 11, 2014, third-party defendant Columbus Equipment[4] filed an action in the Court of Common Pleas for Franklin County, Ohio, naming as defendants "Ryan Jones, dba At Your Service" and "RKJ Enterprises, LLC, dba At Your Service." *Complaint*, filed on July 11,

---

[3] Horizon Supply has not been served with process and has not entered an appearance in this case.
[4] The record reflects that Columbus Equipment is an Ohio corporation with its principal place of business in Columbus, Ohio. *See Access MLP Operating's Counterclaim, Cross-Claim, and Third-Party Complaint*, ¶ 9.

2014, in *Columbus Equipment Company v. Jones*, Case No. 14CV-07-7212 ("the Franklin County Action"). Columbus Equipment alleges that Mr. Jones provided a credit application to it on behalf of a company named At Your Service and that, for certain reasons, Mr. Jones is personally liable on the account. *Id*. at ¶¶ 1-3 (citing *Exhibit A*, attached thereto). After Columbus Equipment began performing under the terms of the credit application, it received checks from "RKJ Enterprises, LLC, dba At Your Service," which "is or may be an undisclosed principal who is also responsible for the amounts owed Plaintiff, but which does not relieve Jones of personal liability[.]" *Id*. at ¶¶ 4-5. Columbus Equipment asserted claims for an account, breach of contract, unjust enrichment, quantum meruit and/or quantum valebant, and attorney's fees. *Id*. at ¶¶ 6-18. On September 16, 2014, the Franklin County Court of Common Pleas granted Columbus Equipment's motion for default judgment against "Ryan Jones, dba At Your Service" and RKJ d/b/a At Your Service, jointly and severally, awarding a total amount of $340,821.32 plus post-judgment interest. *Final Judgment Granting Motion for Default Judgment and Leave to Seek Additional Attorney Fees Post-Judgment*, filed in the Franklin County Action.

On September 26, 2014, an order and notice of garnishment was directed to, *inter alios*, Texas State Bank. *See Order and Notice of Garnishment of Property Other than Personal Earnings and Answer of Garnishee*, filed in the Franklin County Action. In its answer to the notice of garnishment, Texas State Bank represented that it held a total of $831.59 in money, property, or credits other than personal

earnings, of the judgment debtors but that, for a variety of reasons, this amount could not be delivered to the Franklin County Clerk of Court. *Answer of Garnishee Texas State Bank*, filed on October 20, 2014, in the Franklin County Action. Columbus Equipment later released Texas State Bank from the garnishment. *Authorization for a Release of Bank Garnishment*, filed on October 30, 2014, in the Franklin County Action.

On October 3, 2014, an order and notice of garnishment was directed to "Access MidStream." *See Order and Notice of Garnishment of Property Other than Personal Earnings and Answer of Garnishee*, filed in the Franklin County Action. In its answer, Access Midstream acknowledged that it held $196,128.00, which was due to these judgment debtors subject to terms of contract but which was held as "retained" funds. *Motion to Order in Garnishment Proceeds of Access Midstream*, pp. 1-3, filed on October 31, 2014, in the Franklin County Action.[5] On May 5, 2015, the Franklin County Court of Common Pleas, acting on Columbus Equipment's motion, ordered Access Midstream to pay $196,128.00 to the Franklin County Clerk of Courts. *Journal Entry Granting Plaintiff's Motion to Order in Garnishment Proceeds of Access Midstream*, filed in the Franklin County Action. On May 13, 2015, "Access MLP Operating, L.L.C." moved for reconsideration of that order, clarifying that "Access MLP Operating, L.L.C. is the entity which contracted with At Your Service Construction, Inc., and holds

---

[5] This Court was unable to locate a copy of the answer filed by "Access Midstream" on October 27, 2014, but both Columbus Equipment and the Court of Common Pleas for Franklin County refer to such an answer.

8

the retainage funds.  There is no such entity as 'Access Midstream.'"
*Access MLP Operating, L.L.C.'s Motion for Reconsideration Regarding*
*Entry of Order in Garnishment Proceeds of Access Midstream*, p. 1 n.1,
filed in the Franklin County Action.  Columbus Equipment opposes the
motion for reconsideration and has moved to hold "garnishee Access
Midstream" in contempt.  *See Plaintiff's Memorandum in Opposition to*
*Access MLP Operating, L.L.C.'s Motion for Reconsideration and Motion*
*to Hold Garnishee Access Midstream in Contempt*, filed on May 27, 2015,
in the Franklin County Action.  Access MLP Operating also advised the
Franklin County Court of Common Pleas that Access MLP Operating had
filed its *Notice of Funds Available* in this action, No. 2:14-cv-2097.
*See Access MLP Operating, L.L.C.'s Supplemental Submission Pertaining*
*to Motion for Reconsideration of Entry of Order in Garnishment*
*Proceeds of Access Midstream and Memorandum in Opposition to Motion to*
*Hold Garnishee Access Midstream in Contempt*, filed on July 22, 2015,
in the Franklin County Action.  That motion for reconsideration
remains pending in the Franklin County Action.

Highway Equipment has moved to intervene in the Franklin County
Action, asserting a "first-priority lien on the $196,128 . . . that is
the subject of this garnishment action[;]"  Columbus Equipment opposes
that motion.  *See Amended Motion of Highway Equipment Company, Inc. to*
*Intervene*, p. 1, filed on June 11, 2015, in the Franklin County
Action; *Plaintiff's Memorandum in Opposition to Amended Motion of*
*Equipment Company, Inc. to Intervene*, filed on June 17, 2015, in the
Franklin County Action.

9

2. ***Columbus Equipment Co. v. RKJ Enterprises, LLC***,
Carroll County Case No. 14-CVH27987

On October 6, 2014, Columbus Equipment filed a creditor's bill and complaint against RKJ d/b/a At Your Service, "Ryan Jones dba At Your Service," and "Access Midstream" in the Court of Common Pleas for Carroll County, Ohio. *See Creditor's Bill and Complaint*, filed in *Columbus Equipment Co. v. RKJ Enterprises, LLC*, Carroll County Case No. 14-CVH27987 ("Carroll County Action"). Columbus Equipment alleges that, on September 16, 2014, it recovered a judgment against RKJ d/b/a At Your Service in the Franklin County Action in the amount of $340,821.32, plus interest and fees, which judgment remains in full force and effect and unsatisfied. *Id.* at ¶ 1 (citing *Exhibit A*, attached thereto) *Complaint*, ECF 2-1, ¶ 1, in 5:14-cv-2389. Columbus Equipment also alleges that RKJ d/b/a At Your Service and "Ryan Jones dba At Your Service" lack sufficient property subject to levy to satisfy the judgment, but that "Defendants RKJ and/or Jones have or may have certain equitable and/or other interests in the possession of Defendant Access Midstream . . . by way of a contract, breach of contract, and other claims, including but not limited to retainage amounts" and, further, that Columbus Equipment "has an equitable legal right to an interest in the property, or in the proceeds resulting in payments from Defendant Access." *Id.* at ¶¶ 2-4. Columbus Equipment therefore asks that any money due and owing to these defendants "be paid into court during the pendency of this litigation, until further order of the court, and that no payments be transferred by Defendant Access to Defendants RKJ and Jones, or any other person or entity,

10

unless and until [Columbus Equipment's] aforementioned judgment is paid in full." *Id.*, *Prayer for Relief*.

On October 27, 2014, the Carroll County Actin was removed to the United States District Court for the Northern District of Ohio, Eastern Division (Akron) on the basis of diversity jurisdiction. *Notice of Removal*, ECF 1, and *Complaint*, ECF 2-1, filed in N.D. Ohio (Akron) Case No. 5:14-cv-2389. On August 24, 2015, that action was remanded to the Carroll County Court of Common Pleas. *Memorandum Opinion and Order of Remand*, ECF 17, filed in N.D. Ohio (Akron) Case No. 5:14-cv-2389.

**D.    The Claims of Highway Equipment**

On December 17, 2014, Highway Equipment, a Pennsylvania corporation, filed a creditor's bill and complaint in the United States District Court for the Northern District of Ohio, Eastern Division (Youngstown), *Highway Equipment Company, Inc. v. Access MLP Operating, L.L.C.*, N.D. Ohio Case No. 4:14-cv-2768 ("N.D. Ohio Action"), naming as defendants Access MLP Operation, Access Midstream Partners, LP, Access Midstream Partners, GP, LLC (collectively, "the Access Parties"), and RKJ d/b/a At Your Service. *Complaint*, ECF 1, filed in N.D. Ohio (Youngstown) Case No. 4:14-cv-2768. Highway Equipment seeks "the amounts for unpaid rental equipment and associated charges via a creditor's bill and complaint, and in the alternative, for unjust enrichment/quantum meruit." *Id.* at ¶ 1. Highway Equipment alleges that RKJ d/b/a At Your Service rented certain equipment from Highway Equipment and performed work using that

equipment for the benefit of the Access Parties, but that Highway Equipment has not been paid for the use of its equipment. *Id.* at ¶¶ 10-15. Highway Equipment further alleges that it obtained a judgment against RKJ d/b/a At Your Service on October 6, 2014, in the amount of $234,922.81 in the Court of Common Pleas for Allegheny County, Pennsylvania, Case No. GD 14-18275, "due to the failure of RKJ to make payment on the rental equipment used by RKJ to perform the Work on behalf of the Access Defendants and/or their predecessors in interest under various rental contracts detailed in the Pennsylvania Action." *Id.* at ¶ 17. That judgment includes rental charges in the principal amount of $219,842.31. *Id.* at ¶ 18. Highway Equipment alleges that this judgment remains unpaid and that RKJ lacks assets sufficient to make payment on this judgment; however, Highway Equipment believes that the Access Parties "have retained funds from RKJ which are properly utilized to make payment to Highway Equipment." *Id.* at ¶¶ 20-22. Highway Equipment therefore seeks the principal amount of $219,842.31, plus interest and costs. *Id.* at *Prayer for Relief*. That action is currently stayed. *See* N.D. Ohio (Youngstown), Case No. 4:14-cv-2768, *Order*, ECF 16; order (non-document).

 **E. Claims in the Instant Action**

 In the action presently before the Court, Kirk Excavating alleges that "Access has control over money that is earmarked or otherwise held to compensate AYS for its work on Access' behalf" and asserts claims of breach of contract, unjust enrichment, quantum meruit, and constructive trust. *Complaint*, ¶¶ 20-39.

Texas State Bank, which asserts a preexisting security interest in the accounts of RKJ d/b/a At Your Service superior to any interest Kirk Excavating may have, has intervened as a defendant in this action. *Motion of Proposed Intervener Texas State Bank for Leave to Intervene*, ECF 11; *Preliminary Pretrial Order*, ECF 13, p. 2 (granting leave to intervene); *Answer of Defendant Texas State Bank to Plaintiff's Complaint*, ECF 14 ("Texas State Bank's Answer").

Access MLP Operating asserts a counterclaim for statutory interpleader pursuant to 28 U.S.C. § 1335, against Kirk Excavating; a cross-claim for statutory interpleader pursuant to 28 U.S.C. § 1335, against RKJ d/b/a At Your Service, and Texas State Bank; and a third-party complaint for statutory interpleader pursuant to 28 U.S.C. § 1335, against Columbus Equipment, Highway Equipment, and Horizon Supply. *See generally Counterclaim, Cross-Claim, and Third-Party Complaint*. Access MLP Operating now moves for an order restraining Kirk Excavating, RKJ d/b/a At Your Service, Texas State Bank, Columbus Equipment, Highway Equipment, and Horizon Supply "from instituting or prosecuting any proceeding in any State or United States District court arising out or involving retainage funds held by Access MLP relating to" certain construction agreements. *Motion*, pp. 1–2. Access MLP Operating further moves this Court to issue process and direct nationwide service of its process as directed by 28 U.S.C. § 2361 upon the third-party defendants, At Your Service Construction, Inc., Columbus Equipment, Highway Equipment, and Horizon Supply. *Id.* at 2. This motion is now ripe for resolution.

13

## II.    STANDARD

"'Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (3d ed. 2001));[6] 28 U.S.C. § 1335(a)(1) (requiring, *inter alia*, that "two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property"). In the case presently before the Court, Access MLP Operating asserts a claim for interpleader under the Interpleader Act, 28 U.S.C. § 1335, which is a remedial statute to be liberally construed. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967). Indeed, "an interpleader action brought pursuant to § 1335 enjoys liberal procedural rules including relaxed venue, personal jurisdiction and service of process requirements as well as broad discretion to enjoin overlapping litigation." *Bhd. Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp.2d 689, 694 (E.D. Ky. 2002) (citing 28 U.S.C. §§ 1397, 2361)). Nevertheless, statutory interpleader "was never intended . . . to be an all-purpose

---

[6] Although *High Tech. Prods.* specifically considered interpleader under Rule 22 of the Federal Rules of Civil Procedure, the United States Court of Appeals for the Sixth Circuit specifically noted that "the general principles discussed in this section apply to both rule and statutory interpleader." *Id.* at 641 n.1.

bill of peace." *Tashire*, 386 U.S. at 535 (internal quotation marks omitted).

An interpleader action usually consists of two stages. *High Tech. Prods.*, 497 F.3d at 641. At the first stage, "the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *Id.* (citing 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1714 (3d ed. 2001)). At the second stage, "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes[.]" *Id.* The dispute presently before this Court involves the first stage, *i.e.*, whether or not the requirements for jurisdiction under 28 U.S.C. § 1335 have been met.

A party seeking to invoke statutory interpleader jurisdiction must meet certain requirements. First, the money or property in dispute in an interpleader action must exceed $500.00. 28 U.S.C. § 1335(a). Next, "[t]wo or more adverse claimants, of diverse citizenship" must be "claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument or arising by virtue of any such obligation[.]" 28 U.S.C. § 1335(a)(1). More specifically, there must be "a real controversy between the adverse claimants." *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 72

15

(1939).  The diversity requirement "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be cocitizens." *Tashire*, 386 U.S. at 530. *See also First Trust Corp. v. Bryant*, 410 F.3d 842, 852 n.4 (6th Cir. 2006) ("[T]he diversity required under § 1335 is only minimal diversity, *i.e.*, only two or more claimants need to be of diverse citizenship" and "courts look at the citizenship of the claimants, not the stakeholder" when determining diversity.).

The plaintiff in a statutory interpleader action must also deposit

> such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a)(2).  *See also USAA Life Ins. Co. v. Space*, No. 3:14-CV-00661, 2015 U.S. Dist. LEXIS 67496, at *8 (W.D. Ky. May 26, 2015) ("Finally, the plaintiff must deposit with the Court either the full amount at stake or a bond in an amount deemed appropriate by the Court.") (citing 28 U.S.C. § 1335(a)(2)).

If a district court is vested with jurisdiction under 28 U.S.C. § 1335, it then has authority to issue its process for all claimants and enjoin other state or federal proceedings "affecting" the interpleaded property, instrument or obligation.  28 U.S.C. § 2361.  "Such district

16

court shall hear and determine the case, and may discharge the
plaintiff from further liability, make the injunction permanent, and
make all appropriate orders to enforce its judgment." *Id.*

## III. DISCUSSION

### A. Amount in dispute

In the case presently before the Court, the parties disagree as
to the particular amount at issue, but do not disagree that the amount
in dispute exceeds $500.00. This Court agrees that the jurisdictional
amount has been met. *See*, *e.g.*, 28 U.S.C. § 1335(a); *Complaint*,
Prayer for Relief (seeking $332,320.00); *Notice of Funds Available*
(offering for immediate deposit $428,198.73); *Columbus Equipment's
Initial Response*, p. 6 (contending that the amount in controversy is
$196,128.00); *Columbus Equipment's Supplemental Response*, p. 1
(arguing that $440,198.73 should be deposited with the Court).

### B. Minimal diversity and "real controversy" requirements

The parties also do not disagree that the minimal diversity
requirement has been met. This Court again agrees with the parties.
The citizenship of the different claimants discussed *supra*
demonstrates that two or more claimants are of diverse citizenship.
*See supra* (noting, *inter alia*, that Columbus Equipment is an Ohio
corporation; Highway Equipment is a Pennsylvania corporation; Texas
State Bank is a Texas entity); 18 U.S.C. § 1335(a)(1); *Bryant*, 410
F.3d at 852 n.4. It is likewise undisputed that there is a real
controversy between the parties. *See generally supra*; *Treinies*, 308
U.S. at 72; *Complaint*; *Access MLP Operating's Counterclaim, Cross-*

17

*Claim, and Third-Party Complaint.*

**C.    Amount of deposit**

Columbus Equipment disputes whether Access MLP Operating's proffered deposit is sufficient to invoke jurisdiction under 28 U.S.C. § 1335(a)(2) and, if the Court does determine that question in the affirmative, disputes the proper scope of an order enjoining other litigation under 28 U.S.C. § 2361. *See Columbus Equipment's Initial Response*, pp. 6-10; *Columbus Equipment's Supplemental Response*, pp. 1-2. Highway Equipment does not disagree that this Court has jurisdiction over the interpleader action, but has responded to Access MLP Operating's proposed order enjoining other litigation. *See generally Highway Equipment's Response*.[7]

"Deposit of the fund at issue, or a bond in that amount, is necessary for the district court to acquire jurisdiction over a statutory interpleader action." *State Farm Mut. Auto. Ins. Co. v. Brewer*, 778 F. Supp. 925, 930 (E.D. Ky. 1991). Neither the parties' nor the Court's own research reveals a decision from the Sixth Circuit addressing the amount necessary to satisfy this requirement. However, a number of courts, including district courts in this circuit, have concluded that the stakeholder must deposit the highest amount for which it may be liable. *See, e.g., United States Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 210 (3d Cir. 1999) ("The stakeholder invoking interpleader must deposit the largest amount for which it may be liable in view of the subject matter of the controversy."); *Metal*

---

[7] The Court will address, *infra,* the appropriate scope of the order.

*Transport Corp. v. Pacific Venture S.S. Corp.*, 288 F.2d 363, 365 (2d Cir. 1961) ("As a general rule, when a sum of money is involved, a district court has no jurisdiction of an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the claimants."); *USAA Life Ins. Co. v. Space*, No. 3:14-CV-00661, 2015 U.S. Dist. LEXIS 67496, at *8 (W.D. Ky. May 26, 2015) ("[T]he plaintiff must deposit with the Court either the full amount at stake or a bond in an amount deemed appropriate by the Court."); *The United States Life Ins. Co. v. Holtzman*, No. 14-00113, 2014 U.S. Dist. LEXIS 146181, at *12 (D. N.J. Oct. 14, 2014) (noting that the stakeholder should deposit "the full amount in controversy"); *The Prudential Ins. Co. of Am. v. Fisher*, No. 1:09-CV-338, 2009 U.S. Dist. LEXIS 118251, at *2 (W.D. Mich. Dec. 18, 2009) ("A district court should not permit an interpleader Plaintiff to deposit funds and withdraw from the action until it is satisfied that the Plaintiff has deposited the highest amount for which it ultimately may be liable."); *Brewer*, 778 F. Supp. at 930 ("Deposit of the fund at issue, or a bond in that amount, is necessary for the district court to acquire jurisdiction over a statutory interpleader action."); 4-22 Moore's Federal Practice – Civil § 22.04(6)(b) ("Moreover, the stakeholder must post a bond for or deposit the highest amount claimed by any of the claimants, even if that amount exceeds that which the stakeholder contends is at issue."). *Cf. Jackson Nat'l Life Ins. Co. v. Poole*, No. 3:14-CV-1924, 2015 U.S. Dist. LEXIS 7890, at *4-5 (M.D. Tenn. Jan. 22, 2015) (granting stakeholder's motion "to deposit the full amount of the

death benefit, plus certain interest, with the court"); *Northwest Capital Bus. Credit, LLC v. PF Holdings, Inc.*, No. 1:10-cv-470, 2011 U.S. Dist. LEXIS 42756, at *10 (S.D. Ohio Jan. 13, 2011) (noting that the nominal defendant had not yet filed an interpleader action, but recommending that the motion to realign parties be granted and that the motion to remand be denied "conditioned on the willingness of [the nominal defendant] to deposit the *entirety* of the sum claimed by [plaintiff] in its complaint") (emphasis in original) (citing *Asbestospray*, 182 F.2d at 210-11), *adopted by Northwest Capital Bus. Credit, LLC v. PF Holdings, Inc.*, No. 1:10-cv-470, 2011 U.S. Dist. LEXIS 42747 (S.D. Ohio Apr. 20, 2011). The requirement under 28 U.S.C. § 1335 that the stakeholder deposit the highest amount for which it may be liable is to be distinguished from a deposit for interpleader under Fed. R. Civ. P. 22, which permits the stakeholder to deposit an amount that it believes is appropriate. *See*, *e.g.*, *A&E Television Networks, LLC v. Pivot Point Entertainment, LLC*, 771 F. Supp.2d 296, 300 (S.D. N.Y. Mar. 18, 2011) ("Accordingly, while 'under rule interpleader a stakeholder may deposit the amount it believes to be in dispute, under statutory interpleader an interpleading plaintiff must deposit with the Court the highest amount claimed by defendants.'") (quoting *Nat'l Union Fire Ins. Co. v. Ambassador Grp., Inc.*, 691 F. Supp. 618, 621 (E.D. N.Y. 1988)).

Although the stakeholder in a statutory interpleader action must deposit the full amount for which it may be liable, a stakeholder who has failed to deposit that full amount should have the opportunity to

20

cure the defect.  *See*, *e.g.*, *Asbestospray, Inc.*, 182 F.3d at 210 n.4 (stating that the district court erred in dismissing the complaint without an opportunity to cure by making a deposit); *Holtzman*, 2014 U.S. Dist. LEXIS 146181, at *12 ("The Third Circuit has noted that the failure of a stakeholder to deposit the full amount in controversy is a defect that the stakeholder should be permitted to cure.") (citing, *inter alia*, *CAN Ins. Cos. V. Waters*, 926 F.2d 247, 249 n.6 (3d Cir. 1991)); *Legacy Investment and Mgmt., LLC v. Susquehanna Bank*, No. WDQ–12–2877, 2013 U.S. Dist. LEXIS 139598, at *21 (D. Md. Sept. 26, 2013) ("However, an interpleader stakeholder that does not immediately deposit the disputed funds with the Court is entitled to perfect jurisdiction by moving to deposit the funds at a later time, as long as there is no 'persistent failure' to perfect subject matter jurisdiction."); 4-22 Moore's Federal Practice - Civil § 22.04(6)(b) ("Failure to make an immediate deposit of the correct amount is not fatal to the statutory interpleader action; courts readily allow the stakeholder to cure the defect by depositing the appropriate stake or procuring a sufficient bond within a reasonable time.").

In the case presently before the Court, Access MLP Operating takes the position that "a total of at least $12,000 in retainage should be withheld to complete painting required at the projects" and that a "third-party contractor has provided an estimate for this work[,]" which supports "withholding $12,000 to pay for completion of work required on the projects pursuant to its contractual rights." *Notice of Funds Available*, p. 2; Exhibit A (copies of estimates from

third-party contractor), attached to *Access MLP Operating's Supplemental Reply*. Access MLP Operating further represents that, excluding this retainage, it now holds a total of $428,198.73 available for immediate deposit. *Notice of Funds Available*, pp. 2-3; Exhibit A (copies of two checks payable to "At Your Service" prepared in the combined amount of $428,198.73), attached thereto.

Columbus Equipment disagrees that the proffered deposit is sufficient, arguing that "Access Midstream should be required to pay the full amount of $440,198.73 [the amount ready for deposit, $428,198.73, plus the $12,000.00 retainage amount that Access MLP seeks to withhold] into Court in order to invoke this Court's jurisdiction for an interpleader action." *Columbus Equipment's Supplemental Response*, p. 1. *See also Columbus Equipment's Initial Response*, pp. 3-6 (arguing that "statutory interpleader does not permit a partial deposit" and citing, *inter alia*, *Asbestospray*, 182 F.3d 201; *A&E TV Networks, LLC*, 771 F. Supp.2d 296).

Access MLP Operating, however, contends that determining the appropriate deposit "'is not a mechanical process under which the court searches for the highest amount claimed by the adverse claimants and requires that amount to be deposited[.]'" *Access MLP Operating's Supplemental Reply*, pp. 2-3 (quoting *Asbestospray*, 182 F.3d at 210). Instead, the appropriate deposit is "'the amount of proceeds reasonably in controversy[.]'" *Id.* at 3 (quoting *Asbestospray*, 182 F.3d at 210). Access MLP Operating goes on to argue that Columbus Equipment provides no argument or authority to support its conclusion

22

that Access MLP Operating is not entitled to exercise its contractual rights to use the $12,000.00 retainage to complete projects left unfinished by At Your Service Construction, Inc.  *Id.* (noting that "other creditors At Your Service Construction, Inc., Ryan Jones and/or RKJ Enterprises have also never disputed the contractual rights of Access MLP Operating regarding the use of the" $12,000.00 retainage). Access MLP Operating therefore argues that the amount reasonably in controversy sufficient to invoke this Court's jurisdiction is $428,198.73.  *Id.* at 3-4.

Access MLP Operating's arguments are not well-taken.  As discussed *supra*, many courts, including district courts within this circuit, have concluded that the stakeholder must deposit the "full amount" or "highest amount" for which it may be liable.  In the case presently before the Court, Access MLP Operating specifically pleads that the following entities claim a right to funds that it holds:

> (1)   RKJ d/b/a At Your Service claims a right to payment pursuant to Access MLP Operating's Construction Contract as the party in privity with Access MLP Operating;

> (2)   Columbus Equipment asserting a right to receive direct payment of funds held by Access MLP Operating in separately filed litigation;

> (3)   Kirk Excavating in the action presently before this Court asserts a claim for funds "earmarked or otherwise held to compensate AYS for its work on Access' behalf";

> (4)   Highway Equipment in separately filed litigation where it asserts a claim that "any and all money due and owing to RKJ by the Access Defendants be paid into court during the pendency of this litigation";

> (5)   Horizon Supply through correspondence to Access MLP Operating's counsel asserting a right as a judgment creditor because it holds a judgment against RKJ d/b/a At Your Service;

(6) Texas State Bank through its intervention in the present action where it asserts that it is a secured creditor of RKJ d/b/a At Your Service regarding funds that are the subject of Access MLP Operating's interpleader action.

*Access MLP Operating's Counterclaim, Cross-Claim, and Third Party Complaint*, ¶ 18 (internal quotation marks omitted). Stated differently, Access MLP Operating acknowledges that the amounts sought by these parties are "reasonably in controversy." Although Access MLP Operating insists that it may withhold $12,000.00 of retainage pursuant to its contractual rights, its claim in this regard "does not vitiate this requirement [that it deposit an amount equal to the largest claim] or justify the stakeholder making deductions from the deposit. All of these matters should be pleaded by the stakeholder and resolved at trial." Wright & Miller, 7 Fed.Prac. & Proc. Civ. § 1716 (3d ed.). *See also Metal Transport Corp. v. Pacific Venture S.S. Corp.*, 288 F.2d 363, 365-66 (2nd Cir. 1961) (stating that stakeholder's disputed deduction from deposit amount was "a fatal jurisdictional deficiency").

In short, Access MLP Operating's request to deposit $428,198.73 is not well-taken. In order to properly invoke this Court's jurisdiction over the interpleader action, Access MLP Operating must deposit with the registry of this Court $440,198.73, which includes the $428,198.73 that Access MLP Operating offered to deposit plus the $12,000.00 retainage withheld by Access MLP Operating. *See*, *e.g.*, *id.* (stating that, as a general rule, "a district court has no jurisdiction of an action of interpleader if the stakeholder deposits

24

a sum smaller than that claimed by the claimants"); *The Prudential Ins. Co. of Am.*, 2009 U.S. Dist. LEXIS 118251, at *2 (requiring an interpleader plaintiff to deposit "the highest amount for which it ultimately may be liable"); *Nat'l Union Fire Ins. Co. v. Ambassador Group, Inc.*, 691 F. Supp. 618, 621 (E.D. N.Y. 1988) (stating that an interpleader plaintiff must deposit "the highest amount claimed by defendants") (internal quotation marks omitted).

If Access MLP Operating intends to pursue its interpleader action, it must deposit $440,198.73 into the registry of the Court no later than October 29, 2015.  Once Access MLP Operating deposits this amount, all of the statutory requirements will have been satisfied and the Court may entertain this action pursuant to 28 U.S.C. § 2361.

    **D.  Scope of Order**

As discussed *supra*, if a district court is vested with jurisdiction under 28 U.S.C. § 1335, it then has authority to issue its process for all claimants and enjoin other state or federal proceedings "affecting" the interpleaded property, instrument or obligation.  28 U.S.C. § 2361.  "Thus, in the typical, properly filed interpleader case, the court has exclusive control over the disputed res."  *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 849 (6th Cir. 2009).  It follows that "[t]he court has extensive discretion under Section 2361 with regard to the issuance and the scope of the [Section 2361] order."  7 Wright & Miller, Federal Practice and Procedure § 1717 (3d ed. 2015).

However, the fact that a moving party has successfully invoked a

court's statutory interpleader jurisdiction does not entitle it to, *inter alia*, an order "enjoining prosecution of suits against it outside the confines of the interpleader proceeding[.]" *Tashire*, 386 U.S. at 533. Therefore, "[a]n injunction issued pursuant to 28 U.S.C. § 2361 'must not be overbroad.'" *Asbestospray*, 182 F.3d at 210 (quoting 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1717 (West 1986)). *Cf. Tashire*, 386 U.S. at 535 ("[I]nterpleader was never intended to perform such a function [solve all the vexing problems of multiparty litigation arising out of a mass tort], to be an all-purpose 'bill of peace.'"); *Ashton v. Paul*, 918 F.2d 1065, 1070 (2d Cir. 1990) ("The function of interpleader is to resolve claims for designated assets based on mutually exclusive theories rather than to adjudicate rival claims that are mutually exclusive only because of the limited size of the assets."). However, a "reasonable and sensible" effect of interpleader may protect a stakeholder from "vexatious and multiple litigation" "where a stakeholder, faced with rival claims to the fund itself, acknowledges — or denies — his liability to one or the other of the claimants[, *i.e.* when] the fund itself is the target of the claimants." *Tashire*, 386 U.S. at 534. *See also Lorillard Tobacco Co.*, 589 F.3d at 849 ("Because the Court has exclusive jurisdiction over the *res* . . . any dispute regarding entitlement to the *res* that is brought before a different court threatens 'to defeat or impair the jurisdiction of the federal court' to determine the rights of the parties before it.'") (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922)).

26

Stated differently, a stay of other actions against the stakeholder is not "reasonable and sensible" where the fund itself, the *res,* is not the target of the litigation. *Tashire*, 386 U.S. at 535-36. *See also Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp.2d 678, 700 (N.D. Io. 2013) ("The decision in *Tashire* effectively construes actions 'affecting' the property at issue in the interpleader as actions concerning claims against the *fund*, that is, insurance proceeds, not claims against the alleged *tortfeasor* who is covered by the insurance policy.")(emphasis in original).

In the case presently before the Court, the fund at issue is retainage held by Access MLP Operating pursuant to a construction contract with At Your Service and/or RKJ d/b/a At Your Service for its/their work performed on three projects:  Javersek Well Connect, Ciacci Well Connect, and Mechanicstown Pipeline ("the fund at issue"). *See Access MLP Operating's Counterclaim, Cross-Claim, and Third-Party Complaint for Interpleader*, ¶ 16; *Columbus Equipment's Supplemental Response*.  Access MLP Operating now seeks the following order under 28 U.S.C. § 2361 restraining and enjoining

> Kirk Excavating, RKJ d/b/a At Your Service, At Your Service, AYS Oilfield, Texas State Bank, Columbus Equipment, Highway Equipment, and Horizon Supply Company (collectively, the "Claimants") from instituting or prosecuting any proceeding in any State or United States District Court arising out of retainage held by Plaintiff [Access MLP Operating] on the Javersak Well Connect, the Ciacci Well Connect and the Mechanicstown Pipeline pursuant to the construction agreements entered into between Access MLP Operating, L.L.C. and At Your Service Construction, Inc. and/or RKJ Enterprises, LLC[.]

*See* proposed *Order Granting Motion for Restraining Order and Service*

*of Process Authorized By 28 U.S.C. § 2361*, ECF 23-2 ("proposed order").

As noted *supra*, Columbus Equipment disputes the proper scope of the proposed order under Section 2361. *See Columbus Equipment's Initial Response*, pp. 6-9; *Columbus Equipment's Supplemental Response*, pp. 1-2. In particular, Columbus Equipment contends that any order should be more narrowly crafted so that its own garnishment action filed in the Court of Common Pleas for Franklin County against "Access Midstream" is not stayed. *See Columbus Equipment's Initial Response*, pp. 6-9; *Columbus Equipment's Supplemental Response*, p. 3. Columbus Equipment further argues that creditor's bill actions, *i.e.*, Columbus Equipment's creditor's bill action filed in the Court of Common Pleas for Carroll County, "should not be stayed, unless the Creditor's Bill action seeks a specific order ordering that the funds be paid to a specific creditor." *Columbus Equipment's Initial Response*, p. 10. Columbus Equipment goes on to argue that "claims of any other parties that are independent of these interplead funds should be permitted to proceed as not being related to the funds being deposited with the Court, and having no 'affect' on the interplead funds." *Id*. Highway Equipment urges this Court to narrowly craft an order under Section 2361 and to "give the parties the option of determining whether any remaining claims should be joined or otherwise consolidated with this case. The Proposed Order meets both of these goals and should be entered." *See Highway Equipment's Response*, pp. 3-6.

As discussed *supra*, courts may enjoin other litigation where the

fund itself is the target of rival claimants. *Tashire*, 386 U.S. at 534.  Various entities have filed separate actions and/or asserted claims that this Court construes as "affecting" the fund at issue. For example, in the Franklin County Action, Columbus Equipment seeks garnishment proceeds of "Access Midstream," which has in its control or possession $196,128.00 in money, property, or credits of the judgment debtors, "Ryan Jones, dba At Your Service" and "RKJ Enterprises, LLC, dba At Your Service" that is being held as retainage pursuant to a contract with these entities.  In other words, Columbus Equipment in the Franklin County Action targets the fund at issue in the case before this Court.  Columbus Equipment, however, insists that this Court should not stay its Franklin County Action because, *inter alia*, that state court action pre-dates the instant federal interpleader action and has resulted in a garnishment order against Access Midstream.  *Columbus Equipment's Initial Response*, pp. 8-9 (citing, *inter alia*, *Asbestospray*, 182 F.3d at 211 ("[F]ederal courts should defer to parallel state proceedings that pre-date the interpleader, especially where, as here, the proceedings have resulted in judgments (or settlements in principle).")).  This Court disagrees.

In *Asbestospray*, the United States Court of Appeals for the Third Circuit determined that the district court's order enjoining other state court litigation was "overly broad and unduly interferes with parallel state-court proceedings." *Id*.  However, that determination was based on the dimensions of the *res* or the fund in controversy in that action.  In determining the proper amount of the interpleader

deposit, the Third Circuit specifically concluded that "[t]he sums that have been paid out or contractually committed to settle ongoing, pre-interpleader lawsuits from other state courts were not realistically part of the interpleader action as it was pleaded[.]" *Asbestospray*, 182 F.3d at 210-11. In the Franklin County Action, on the other hand, Columbus Equipment targets the retainage from a construction contract withheld by Access MLP Operating[8], which is the same as, and therefore affects, the fund at issue in the case presently before this Court. *Asbestospray* is therefore inapposite. For these reasons, this Court concludes that the amount at issue in the Franklin County Action falls within the scope of this Court's jurisdiction. Columbus Equipment will therefore be enjoined,[9] until further notice of this Court, from proceeding with the Franklin County Action.

Similarly, the Court concludes that the Carroll County Action targets the fund at issue in this action. In the Carroll County Action, Columbus Equipment filed a creditor's bill and complaint naming as defendants "RKJ Enterprises, LLC dba At Your Service," "Ryan Jones dba At Your Service," and "Access Midstream." Columbus

---

[8] The Court recognizes that the Franklin County Action identified "Access Midstream" as the garnishee. However, as noted *supra*, Access MLP Operating Access MLP Operating is purportedly a subsidiary of defendants Access Midstream Partners, LP and Access Midstream Partners, GP, LLC. In addition, Access MLP Operating has represented that it is the entity that contracted with At Your Service. Moreover, even Columbus Equipment refers to Access MLP Operating, the moving party in this interpleader action, as "Access Midstream." *See generally Columbus Equipment's Initial Response*. Based on this record, the Court is satisfied that, for present purposes only, Access MLP Operating is the same party as "Access Midstream" in the Franklin County Action.
[9] This injunction becomes effective only upon Access MLP Operating's deposit of the requisite amount into the registry of this Court. *See infra*.

Equipment alleges, *inter alia*, that it recovered a judgment in the amount of $340,821.32 against RKJ Enterprises, LLC dba At Your Service and Ryan Jones dba At Your Service, and that Access Midstream may hold retainage amounts pursuant to a contract.  Columbus Equipment asks, *inter alia*, that any money owed by Access Midstream be paid into the Carroll County Court and that Access Midstream transfer no payments to any person or entity until Columbus Equipment is paid in full.  Stated differently, the Carroll County Action reflects a competing claim of entitlement to the *res* and threatens to defeat or impair this Court's jurisdiction over that *res*.  *See Lorillard Tobacco Co.*, 589 F.3d at 849.  Accordingly, Columbus Equipment will be enjoined,[10] until further notice of this Court, from proceeding with the Carroll County Action.

In the N.D. Ohio Action, Highway Equipment alleges that Access MLP Operating LLC, Access Midstream Partners, LP, and Access Midstream, GP (collectively, the "Access Parties") contracted with RKJ Enterprises dba At Your Service for construction of a pipeline.  To perform this work for the Access Parties, RKJ Enterprises dba At Your Service rented certain equipment from Highway Equipment, but has not yet paid Highway Equipment.  According to Highway Equipment, the Access Parties have retained funds from RKJ Enterprises dba At Your Service that should be paid to Highway Equipment, which previously obtained a judgment against RKJ Enterprises dba At Your Service in the amount of $234,922.81.  In the case presently before this Court, "Highway Equipment has consented to the Proposed Order's scope of the

_____

[10] This injunction becomes effective only upon Access MLP Operating's deposit of the requisite amount into the registry of this Court.  *See infra*.

31

injunction in the interpleader action." *Highway Equipment's Response*, p. 3. As with Columbus Equipment's actions, Highway Equipment claims a right to the fund at issue in this case. For these reasons, the Court concludes that pursuit of the N.D. Ohio Action affects the fund at issue in this action. Highway Equipment will therefore be enjoined,[11] until further notice of this Court, from proceeding with the N.D. Ohio Action.

Finally, the Court notes that Access MLP Operating alleges that other entities have also claimed or may claim a right to the fund at issue. For the reasons previously stated, any proceeding that affects the fund at issue in this case will be enjoined.

**WHEREUPON**, Access MLP Operating, LLC's *Motion for Restraining Order and Service of Process Authorized by 28 U.S.C. § 2361*, ECF 23, is **GRANTED** in part consistent with the foregoing. Specifically, it is **ORDERED** that:

1. No later than October 29, 2015, Access MLP Operating must deposit $440,198.73 into the registry of this Court, in accordance with S.D. Ohio Civ. R. 77.2(b).

2. Upon that deposit into the registry of this Court, *Intervening Defendant Access MLP Operating, L.L.C.'s Answer to Complaint and Counterclaim, Cross-Claim and Third-Party Complaint for Interpleader*, ECF 21, and a copy of this *Opinion and Order* shall be served upon third-party defendants At Your Service Construction, Inc., Columbus Equipment Company, Highway Equipment Company, and Horizon

---

[11] This injunction will become effective only upon Access MLP Operating's deposit of the requisite amount into the registry of this Court. *See infra.*

Supply Company pursuant to 28 U.S.C. § 2361.

3.    Upon the deposit of the requisite amount into the registry of this Court, Kirk Excavating & Construction, Inc., AYS Oilfield, RKJ Enterprises, LLC d/b/a At Your Service, Texas State Bank, At Your Service Construction, Inc., Columbus Equipment Company, Highway Equipment Company, and Horizon Supply Company shall be restrained from initiating, instituting, or prosecuting any proceeding, including *Columbus Equipment Company v. Jones*, Franklin County Case No. 14CV-07-7212, *Columbus Equipment Co. v. RKJ Enterprises, LLC*, Carroll County Case No. 14-CVH27987, and *Highway Equipment Company, Inc. v. Access MLP Operating, L.L.C.*, N.D. Ohio Case No. 4:14-cv-2768, in any State or United States District Court against Access MLP Operating, LLC and/or its parents, subsidiaries, or affiliates, including without limitation, Access Midstream Partners, GP, LLC and Access Midstream Partners, LP affecting the fund at issue, namely, retainage held by Access MLP Operating pursuant to a construction contract with At Your Service and/or RKJ d/b/a At Your Service for its/their work performed on three projects:  Javersek Well Connect, Ciacci Well Connect, and Mechanicstown Pipeline.

4.    This *Opinion and Order* shall apply prospectively to any individuals, estates, or entities that may be joined in this action.


October 22, 2015                              ___*s/Norah McCann King*_____
                                              Norah M$^{c}$Cann King
                                              United States Magistrate Judge


33