**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KIRK EXCAVATING &
CONSTRUCTION, INC.,**

       **Plaintiff,**

   v.                                         **Civil Action 2:14-cv-2097
Magistrate Judge Jolson**

**AYS OILFIELD, et al.,**

       **Defendants.**

**OPINION AND ORDER**

       This matter, in which the parties have consented to jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c), is before the Court to determine the priority of the claims to the interpleaded funds.  For the reasons set forth below, the Court finds that Columbus Equipment Company's claim to the interpleaded funds is entitled to priority.  Further, because the amount sought by Columbus Equipment Company exceeds the amount of the interpleaded funds, the Court need not determine the priority of the remaining claims.

   I.     **BACKGROUND**

       When this case began, it was simple enough.  Plaintiff Kirk Excavating & Construction, Inc. ("Kirk Excavating") brought suit in state court for allegedly unpaid construction work. (Doc. 2).  Kirk Excavating asserted claims of breach of contract, unjust enrichment, quantum meruit, and constructive trust against Defendants AYS Oilfield and RKJ Enterprises, LLC dba At Your Service, Access Midstream Partners, L.P., and Access Midstream Partners, GP, LLC.

Based on diversity jurisdiction, those defendants removed to federal court. (Doc. 1).

It turned out, however, that Kirk Excavating was not alone in believing AYS Oilfield (or its alter egos) owed it money. In different parts of the country, creditor bills, garnishments, and UCC statements had been filed against the entities. Thus, throughout 2015, several additional creditors joined this lawsuit to stake their claims to the money Kirk Excavating sought. (Doc. 43).

Specifically, they all allege a right to funds which arose from a construction agreement between At Your Service Construction, Inc., an alter ego of RKJ Enterprises LLC dba At Your Service, and Access MLP Operating, LLC. (*See* Doc. 63-2, PAGEID #: 669–708). Access MLP Operating, LLC paid RKJ dba At Your Service for its construction services performed under the agreement, but held some funds in retainage. (Doc. 43 at 4, PAGEID #: 333). On October 22, 2015 (Doc. 43), this Court ordered Access MLP Operating, LLC to deposit $440,198.73 in retainage into the registry of this Court (Docs. 43, 45).

Thereafter, the Court ordered the parties to file simultaneous opening briefs and simultaneous response briefs addressing priority to the interpleaded funds. (Doc. 57). Only four parties chose to brief the issue: Columbus Equipment Company ("Columbus Equipment") (Docs. 62, 66), Highway Equipment Company ("Highway Equipment") (Docs. 61, 68), Access MLP Operating, LLC (Docs. 63, 67), and Texas State Bank (Docs. 64, 74).

   **A. Columbus Equipment's Creditor's Bill and Garnishment**

In 2014, in Ohio's Franklin County Court of Common Pleas, Columbus Equipment claimed it was owed money by "Ryan Jones, dba At Your Service" and "RKJ Enterprises, LLC dba At Your Service," and accordingly filed a motion for default judgment. On September 16, 2014, Judge Richard A. Frye agreed and granted Columbus Equipment's motion against the

defendants jointly and severally, awarding Columbus Equipment a total amount of $340,821.32 plus post-judgment interest at a rate of 18% per year from the date of judgment. (Doc. 62-1, PAGEID #: 613–14). Although Judge Frye's order was a victory for Columbus Equipment, it never got paid. So Columbus Equipment continued to pursue legal remedies to obtain payment. Columbus Equipment filed a creditor's bill and complaint against RKJ Enterprises, LLC d/b/a At Your Service, "Ryan Jones dba At Your Service," and "Access Midstream" in the Court of Common Pleas for Carroll County, Ohio on October 6, 2014. (*Id.*, PAGEID #: 627–29). Columbus Equipment served Access Midstream on October 8, 2014, and RKJ d/b/a At Your Service and "Ryan Jones dba At Your Service" on October 9, 2014. (*Id.*, PAGEID #: 638–39).

Columbus Equipment then filed a motion for leave to amend. (*Id.*, PAGEID #: 646–47). Judge Dominick E. Olivito, Jr. granted the motion, allowing Columbus Equipment to "amend[ ] the name of Defendant Access Midstream to Access MLP Operating, LLC, dba Access Midstream." (*Id.*). Judge Olivito granted the motion on September 22, 2015, but "ORDERED, ADJUDGED and DECREED that the filing of Plaintiff's Amended Complaint . . . relate back to the original filing of Plaintiff's Complaint, i.e. October 6, 2014, pursuant to Civ. R. 15(C)." (*Id.*).

Access Midstream removed the case to United States District Court for the Northern District of Ohio, but Columbus Equipment filed a timely motion to remand, seeking to have the case returned to the Carroll County Court of Common Pleas. (*Id.*, PAGEID #: 634–45). United States District Judge Sara Lioi granted Columbus Equipment's motion and remanded the case on August 24, 2015. (*Id.*). Columbus Equipment still has not been paid and, as of April 28, 2016, the amount owed under the unpaid judgment was $454,929.45. (*Id.*, PAGEID #: 617).

Columbus Equipment did more than just file a creditor's bill and complaint to get paid—

it also filed a garnishment action in the Franklin County Court of Common Pleas. (*Id*., PAGEID #: 618). Judge Guy L. Reece, II issued an order and notice of garnishment directed to "Access MidStream" on October 3, 2014, which was served by certified mail on October 14, 2014. (*Id.*, PAGEID #: 618–21). In its answer, Access Midstream admitted that it owed the money. (*Id*.). Specifically, Access Midstream acknowledged that it held $196,128.00, an amount due to the judgment debtors subject to terms of contract. (*Id*.). Consequently, on May 5, 2015, Judge Frye ordered Access Midstream to pay $196,128.00 to the Franklin County Clerk of Courts. (*Id*., PAGEID #: 622–24).

Columbus Equipment asserts that, as a result of these efforts, it has a creditor's bill lien as of October 6, 2014, and a lien pursuant to the garnishment order as of October 14, 2014. (Doc. 62 at 3).

### B. Highway Equipment's Creditor's Bill

Across Ohio's border, in Pennsylvania, Highway Equipment sued RJK Enterprises, LLC d/b/a At Your Service in the Court of Common Pleas for Allegheny County, seeking $234,922.81 in unpaid fees for equipment rental and late charges. (Doc. 61-1, PAGEID #: 446–55). On October 6, 2014, the Allegheny County Court of Common Pleas granted Highway Equipment a judgment in the amount of $234,922.81, plus interest, costs, and attorneys' fees. (Doc. 61-1, PAGEID #: 434 ¶ 4).

But, like Columbus Equipment, Highway Equipment was never paid. After the Allegheny County judgment remained unsatisfied, Highway Equipment filed its own creditor's bill and complaint against RJK Enterprises, LLC d/b/a At Your Service in the United States District Court for the Northern District of Ohio on December 17, 2014. (*Id*., PAGEID #: 437–44). Highway Equipment also claimed unjust enrichment and quantum meruit against Access

4

MLP Operating, Access Midstream Partners, LP, and Access Midstream Partners, GP, LLC. (*Id*.). Access MLP Operating, Access Midstream Partners, LP, and Access Midstream Partners, GP, LLC were served on December 29, 2014 (*id.*, PAGEID #: 434 at ¶ 5), and RJK Enterprises, LLC waived service on March 30, 2015 (*id*., PAGEID #: 538).

In its opening brief, Highway Equipment claimed priority over the interpleaded funds when it filed its creditor's bill on December 17, 2014. (Doc. 61 at 1). Now, however, it claims that its lien was effective upon service of the creditor's bill, which occurred either on December 29, 2014, or March 30, 2015. (Doc. 68 at 3, n.2). Highway Equipment maintains that it has priority regardless of date the Court accepts because, even if its lien arose as late as March 30, 2015, "no other creditor had a lien" on the funds at that time. (*Id*. at 3).

### C. Access MLP Operating, LLC's Painting Contract

Access MLP Operating, LLC entered into a contract with At Your Service Construction, Inc. for pipeline construction services. (Doc. 63-2, PAGEID #: 669–708). The contract permitted Access MLP Operating, LLC to retain certain funds pending "final completion" of a project (*id*., PAGEID #: 701–702), and to refuse to pay retainage if At Your Service Construction, Inc. failed to fulfill its contract obligations (*id*., PAGEID #: 699). The contract also allowed Access MLP Operating, LLC to use the unpaid retainage to "bring the work into compliance" with the contract. (*Id*., PAGEID #: 700).

Access MLP Operating, LLC asserts that At Your Service Construction, Inc. failed to complete painting required by the contract, causing it to hire a different contractor and incur $12,714.26 in costs. (Doc. 63 at 4). Access MLP Operating, LLC claims that because the painting costs are not due and payable to At Your Service Construction, Inc., they are not available to any of At Your Service Construction, Inc.'s creditors. (*Id*.). Thus, Access MLP

5

Operating, LLC claims it is entitled to a first priority as to $12,714.26 of the interpleaded funds. (*Id.*).

### D. Texas State Bank's UCC Financing Statement

Texas State Bank had a different type of relationship with RKJ Enterprises LLC dba At Your Service, arising from it loaning RKJ Enterprises LLC dba At Your Service $3,050,000 on November 20, 2013. (Doc. 64-1, PAGEID #: 764 ¶ 3). RKJ Enterprises LLC dba At Your Service signed a promissory note to repay the loan (Doc. 64-2, PAGEID #: 766), and the note was secured by a commercial security agreement (Doc. 64-3, PAGEID #: 768–69). The commercial security agreement granted Texas State Bank a security interest in "Accounts and Other Rights to Payment" and "Deposit Accounts," which were defined as follows:

> Accounts and Other Rights to Payment: All rights to payment, whether or not earned by performance, including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned. This includes any rights and interests (including all liens) which Debtor may have by law or agreement against any account debtor or obligor of Debtor.
>
> * * *
>
> Deposit Accounts: All deposit accounts including, but not limited to, demand, time, savings, passbook, and similar accounts.

(*Id.*, PAGEID #: 768). It also provided Texas State Bank a security interest in "Equipment." (*Id.*). Consistent with the commercial security agreement, the UCC Financing Statement filed on October 21, 2013, reflects Texas State Bank's interest in "Accounts and Other Rights to Payment," "Deposit Accounts," and "Equipment." (Doc. 64-4, PAGEID #: 770–71).

Texas State Bank argues that it was the first to perfect its security interest when it filed the UCC Financing Statement on October 21, 2013, and asserts it is entitled to all the interpleaded funds. (Doc. 63 at 6–7).

6

## II. DISCUSSION

This case, like many lawsuits, is all about expectations. As outlined above, various entities took some action—such as entering into a contract or loaning a large sum of money—with the expectation that they would receive a return on that action. In each instance, the expectation went unmet, the return wasn't received, and now there isn't enough money to go around. And this Court is charged with responsibility of determining which entity or entities get what money there is to be had. Because this statutory interpleader action is before this Court pursuant to its diversity jurisdiction, the substantive law the forum state—Ohio—applies. *Am. Fidelity Fire Ins. Co. v. Paste-Ups Unlimited, Inc.*, 368 F. Supp. 219, 223 (S.D.N.Y. 1973); *see also Am. Re-Ins. Co. v. Ins. Comm'n*, 527 F. Supp. 444, 450 (C.D. Cal. 1981) (applying law of forum state in statutory interpleader action). At base, the calendar governs this case, requiring a determination of which party was first to obtain priority to the interpleaded funds. As discussed more fully below, Columbus Equipment was the first to obtain priority through a creditor's bill lien and garnishment, and no other party has presented a meritorious argument to undermine Columbus Equipment's claim. Thus, the Court finds that Columbus Equipment has priority.

### A. Columbus Equipment's Creditor's Bill Lien

A creditor's bill action under Ohio Revised Code § 2333.01 is equitable in nature and allows a judgment creditor "to reach property that cannot be reached by the process available to enforce a judgment." *Olive Branch Holdings, LLC v. Smith Tech. Dev., LLC*, 181 Ohio App. 3d 479, 490 (Ohio Ct. App. 2009). Ohio Revised Code § 2333.01 provides:

> When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order,

7

> or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.

"The commencement of an action in the nature of a creditor's bill gives to the plaintiff priority over creditors of the defendant not holding specific liens upon his interest in the property in suit." *Huntington Ctr. Assocs. v. Schwartz, Warren & Ramirez*, No. 00AP-35, 2000 WL 1376524, at *2 (Ohio Ct. App. Sept. 26, 2009) (citation omitted). Under Ohio law, a creditor's bill lien is created, "at the very latest, when service of the complaint is perfected." *In re Wiener*, 276 B.R. 810, 814 (N.D. Ohio Nov. 5, 2001).

Judge Frye's September 16, 2014, order granted Columbus Equipment's motion for default judgment jointly and severally against "Ryan Jones, dba At Your Service" and "RKJ Enterprises, LLC dba At Your Service," resulting in an award of $340,821.32 plus post-judgment interest. (Doc. 62-1, PAGEID #: 613–14). On October 6, 2014, Columbus Equipment then filed the creditor's bill and complaint against RKJ Enterprises, LLC d/b/a At Your Service, "Ryan Jones dba At Your Service," and "Access Midstream" in Carroll County, Ohio. (*Id.*, PAGEID #: 627–29). Service was effected on Access Midstream on October 8, 2014, and RKJ d/b/a At Your Service and "Ryan Jones dba At Your Service" on October 9, 2014. (*Id.*, PAGEID #: 638–39).

Judge Olivito granted Columbus Equipment's motion for leave to file an amended complaint which changed Access Midstream to Access MLP Operating, LLC, dba Access Midstream (*id.*, PAGEID #: 646), and ordered the amendment to relate back to the filing of the original complaint on October 6, 2014 (*id.*). The unpaid judgment was $454,929.45 as of April 28, 2016. (Doc. 62, PAGEID #: 617).

Based upon the foregoing, Columbus Equipment contends that it has a creditor's bill lien

8

on the interpleaded funds as of October 6, 2014, the day it filed the creditor's bill and complaint in the Carroll County Court of Common Pleas.  (Doc. 62 at 3).  Alternatively, Columbus Equipment asserts that it has a creditor's bill lien as of October 9, 2014, the day it served RKJ d/b/a At Your Service and "Ryan Jones dba At Your Service."  (*Id*. at 8).

The Court agrees that Columbus Equipment has a creditor's bill lien.  And whether the date of that lien is October 6, 2014 or October 9, 2014 is inconsequential, because, even considering the arguments made by Highway Equipment, Access MLP Operating, LLC, and Texas State Bank, no other party had secured its interest in the funds at either time.

### 1. Highway Equipment's Response

Highway Equipment asserts that it has priority over Columbus Equipment because Columbus Equipment named a non-existent entity called "Access Midstream," and thus it did not achieve proper service or adequately describe the property.  (Doc. 61 at 7–9).  In the remand order, Judge Lioi noted that uncontested service was effected on October 8, 2014.  (Doc. 62-1, PAGEID #: 638–39); *see also* Doc. 66-1, PAGEID #: 791–93 (raising no issues pertaining to the sufficiency of service); *id*., PAGEID #: 796 (noting service of the summons and complaint on October 8, 2014)).  Further, Judge Olivito granted Columbus Equipment leave to file an amended complaint changing Access Midstream to Access MLP Operating, LLC, d/b/a Access Midstream and ruled that the amendment related back to the filing of the original complaint.  (Doc. 62-1, PAGEID #: 646).  Judge Olivito's ruling forecloses Highway Equipment's argument that service was deficient or the complaint improperly sought property in the possession of Access Midstream.  (*Id*.).

### 2. Access MLP Operating, LLC's Response

Access MLP Operating, LLC states that At Your Service Construction, Inc. failed to complete contractually required painting, causing it to incur $12,714.26 in painting costs after hiring a different contractor to complete the work. (Doc. 67 at 1). Accordingly, Access MLP Operating, LLC asserts that neither At Your Service Construction, Inc. nor its creditors were ever entitled to the $12,714.26, and it is entitled to priority to that amount of the interpleaded funds. (*Id.*). Access MLP Operating, LLC also claims it is entitled to priority for its reasonable attorney's fees incurred in interpleading the funds. (Doc. 63 at 5–6).

At bottom, Access MLP Operating, LLC is asserting a legal claim for monetary damages, arising from an alleged breach of contract that occurred after the creditor's bill action. (*See* Doc. 63-1, PAGEID #: 666–68 (contractor invoices dated July 31, 2015)). A legal claim for monetary damages is distinct from an equitable claim to collect a debt. *See, e.g.*, *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 325 (1999) (noting that it is "well established" that "a creditor's bill could be brought only by a creditor who had already obtained a judgment establishing the debt"). By filing a creditor's bill action under Ohio Revised Code § 23301, Columbus Equipment acquired a specific lien against the funds and had priority over creditors not holding a specific lien prior to the commencement of its creditor's bill action. *Huntington Ctr. Assocs.*, 2000 WL 1376524, at *2. At the time Columbus Equipment obtained its creditor's bill lien, Access MLP Operating, LLC did not hold a specific lien on the amount payable to At Your Service Construction, Inc. under the contract. Thus, Access MLP Operating, LLC is not entitled to priority. *See id.*

The Court now turns to Access MLP Operating, LLC's request for attorney's fees. The relevant law permits an award of reasonable attorney's fees to an interpleading party when it is,

*inter alia*, "a disinterested stakeholder." *Holmes v. Artists Rights Enf't Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005). Access MLP Operating, LCC makes two arguments in an effort to establish that it is a disinterested stakeholder. First, it claims that it is a disinterested stakeholder because it seeks only a minimal portion of the deposited funds. (*See, e.g.*, Doc. 63 at 5 (stating "[i]t is largely a disinterested stakeholder"); Doc. 67 at 6 (claiming it is not an interested party because the amount it seeks is a minimal portion of the deposited funds)). Second, it claims to be seeking to correct the amount of deposited funds, as opposed to staking a claim to those funds. (Doc. 67 at 6–7). Neither argument has merit. Try as it might to minimize its role in this interpleader action, there is no question that Access MLP Operating, LLC is claiming priority to a portion of the interpleaded funds. (Doc. 20 (granting Access MLP Operating leave to intervene as a defendant and *claimant*) (emphasis added)). Accordingly, it is not a disinterested party. *See, e.g.*, *Smith v. Engelter*, No. 1:12CV596, 2012 WL 5378720, at *4 (N.D. Ohio Oct. 31, 2012) (noting that "the Sixth Circuit has expressly held that attorney fees may only be awarded where a movant is a disinterested stakeholder"). Thus, the Court, in its discretion, will deny Access MLP Operating, LLC's request for attorney's fees.

### 3. Texas State Bank's Response

Texas State Bank's claim to the interpleaded funds arises from its loan to RKJ Enterprises LLC dba At Your Service on November 20, 2013. (Doc. 64-1, PAGEID #: 764 ¶ 3). Specifically, Texas State Bank alleges that the description of its security interest in the UCC Financing Statement, which mirrors the description in the commercial security agreement, is broad enough to include monies owed to RKJ Enterprises LLC dba At Your Service under its agreement with Access MLP Operating, LLC. (Doc. 64 at 5–6). Accordingly, Texas State Bank

argues that it perfected its security interest upon the filing of the UCC Financing Statement on October 21, 2013.  (Doc. 74 at 5).

Nowhere, however, does Texas State Bank argue that the retainage held by Access MLP Operating, LLC was contractually obligated to RKJ Enterprises LLC dba At Your Service when it filed its UCC financing statement or when it extended the loan.  Nor could it.  Access MLP Operating, LLC and At Your Service Construction, Inc. signed the agreement, which led to the interpleaded funds, on February 10, 2014—months after Texas State Bank filed its UCC Financing Statement and extended the loan. (*See, e.g.*, Doc. 63-2, PAGEID #: 669–708 (contract between Access MLP Operating, LLC and At Your Service Construction, Inc. signed on February 10, 2014, after Texas State Bank filed its UCC financing statement and extended the loan)).  Thus, the only way Texas State Bank could have secured its interest in the interpleaded funds on October 21, 2013, is if the language in the UCC Financing Statement is broad enough to cover future contractual rights.

Again, timing is everything.  In the UCC Financing Statement, Texas State Bank asserted a security interest in "Accounts and Other Rights to Payment" and "Deposit Accounts":

> Accounts and Other Rights to Payment:  All rights to payment, whether or not earned by performance, including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned.  This includes any rights and interests (including all liens) which Debtor may have by law or agreement against any account debtor or obligor of Debtor.
>
> * * *
>
> Deposit Accounts:  All deposit accounts including, but not limited to, demand, time, savings, passbook, and similar accounts.

(Doc. 64-4, PAGEID #: 771).  The UCC defines an "account" as "a right to payment of a monetary obligation, whether or not earned by performance . . . for services rendered or to be

rendered." UCC § 9-102(a)(2). The UCC's definition of "accounts" additionally includes contractual rights. *PNC Bank v. Berg*, C.A. No. 94C-09-208-WTQ, 1997 Del. Super. LEXIS 19, at *26–27 (Del. Super. Ct. 1997) (noting that the 1972 amendment to the U.C.C. includes contract rights within the definition of account).

But when Texas State Bank filed its UCC Financing Statement, RKJ Enterprises LLC dba At Your Service and Access MLP Operating, LLC had not yet entered into their agreement. Put simply, there was no "right" to perfect when Texas State Bank staked its claim. *See, e.g.*, *Leake v. First Nat'l Bank (In re Shiflett)*, 40 B.R. 493, 495 (W.D. Va. 1984) (noting that an "account" requires a "right to payment"); *Matter of D.J. Maltese, Inc.*, 42 B.R. 589, 592 (E.D. Mich. 1984) (same). What is more, Texas State Bank could have widened its net. The UCC Financing Statement provides a category for "General Intangibles," which includes "payment intangibles." (Doc. 64-4, PAGEID #: 771). A "'payment intangible' means a general intangible under which the account debtor's principal obligation is a monetary obligation." UCC § 9-102(a)(61). Texas State Bank left the "payment intangible" box unchecked. (Doc. 64-4, PAGEID #: 771). UCC financing statements are construed against the drafter. *See Goldstein v. Food Folks & Fun, Inc.*, No. C-1-02-946, 2003 WL 23770598, at *2 (S.D. Ohio June 6, 2003) ("Under Ohio law, ambiguous contract language is construed against its drafter."); *see also In re Phipps*, No. 08-40685, 2008 WL 5606175, at *4 (S.D. Ill. Dec. 10, 2008) (noting that "contracts, including security agreements and financing statements, are construed against the drafter"). Consequently, the Court concludes that Texas State Bank's UCC Financing Statement was insufficient to perfect contingent or future rights.

To counter this point, Texas State Bank argues that RKJ Enterprises LLC dba At Your Service's right to payment was not contingent because "there is no question that [RKJ

13

Enterprises LLC dba At Your Service] was entitled to be paid by Access for the services it provided." (Doc. 74 at 3). But Texas State Bank does not assert that those services indeed had been provided. Even more important, the contract makes clear that the work was not yet performed. (*See* Doc. 63-2, PAGEID #: 669–708 (contract between Access MLP Operating, LLC and At Your Service Construction, Inc.)). Consequently, the interpleaded funds were not "Accounts and Other Rights to Payment" or "Deposit Accounts" and were not covered by the UCC Financing Statement.

### B. Columbus Equipment's Garnishment Lien

A garnishment action allows a creditor "to satisfy a debt owed to that creditor by collecting a debtor's property in possession of a third person, called the garnishee." *Hadassah v. Schwartz*, 197 Ohio App. 3d 94, 96 (Ohio Ct. App. 2011). The property is bound once the garnishment order is served, *E. Liverpool v. Buckeye Water Dist.*, 972 N.E.2d 1090, 1102 (Ohio Ct. App. 2012) (citing O.R.C. § 2716.13(B)), and the "garnishee is liable to the judgment creditor for all money of the judgment debtor in its possession from the time the garnishee is served with the written notice required in § 2716.13," *In re Battery One-Stop Ltd.*, 155 B.R. 727, 729 (N.D. Ohio 1993).

On October 3, 2014, Judge Reece issued an order and notice of garnishment to "Access MidStream," an entity that acknowledged in its answer that it held $196,128.00, an amount due to the judgment debtors subject to terms of contract. (Doc. 62, PAGEID #: 618–21). Access Midstream was served by certified mail on October 14, 2014. (*Id.*). On May 5, 2015, Access Midstream was ordered to pay $196,128.00 to the Franklin County Clerk of Courts. (*Id.*, PAGEID #: 622–24).

Based on the foregoing, Columbus Equipment asserts that "it has a lien as of October 14,

2014, on the interpleaded funds pursuant to the October 3, 2014 garnishment order. . . ." (*Id*. at 3).  This Court agrees and again finds that, even considering the arguments made by Highway Equipment, Access MLP Operating, LLC, and Texas State Bank, no other party had secured its interest in the funds prior to that time.

### 1. Highway Equipment's Response

Highway Equipment contends that the funds were contingent and not properly payable when Judge Reece issued the order and notice of garnishment on October 3, 2014.  In the May 5, 2015 journal entry ordering payment of $196,128.00, Judge Frye rejected the same argument made by Access Midstream—that it could not release the funds to the Court because "an outstanding punch list still must be resolved."  (Doc. 62-1, PAGEID #: 622).  Thus, this argument was considered and rejected by Judge Frye, and Highway Equipment does not have priority on this basis.

Highway Equipment also alleges that Columbus Equipment does not have a lien because its garnishment named Access Midstream, "a non-existent entity."  (Doc. 61 at 7).  Access Midstream filed an answer and a supplemental answer to the order and notice of garnishment, but never argued that it was incorrectly named or that no such entity existed.  (Doc. 62-1, PAGEID #: 619–20).  Instead, Corporate Counsel Aaron McQueen admitted that his client was the garnishee, holding $196,128.00 due under contracts "with RKJ Enterprises, LLC dba At Your Service and/or AYS Oilfield," and argued that his client could not release the funds because other entities were claiming an interest in them (*id*., PAGEID #: 620)—an argument Judge Frye rejected.  (*Id*., PAGEID #: 622); *see id*., PAGEID #: 620 (noting, *inter alia*, competing claims by Kirk Excavating and Horizon Supply)).  Moreover, Access Midstream is a trade name utilized Access MLP Operating, LLC (*see, e.g.*, Doc. 63-2, PAGEID #: 669–708

15

(Agreement CSA0014 for Pipeline Construction Services between Access MLP Operating, LLC and its Subsidiaries and Affiliates and At Your Service Construction, Inc., with "Access Midstream" appearing on the header of each page of the contract)); hence, Access Midstream is not a "non-existent entity." (*See* Doc. 66-1, PAGEID #: 789 (attorney registration for Aaron McQueen as counsel for "Access Midstream")).

### 2. Access MLP Operating, LLC's Response

Access MLP Operating, LLC reiterates its arguments as set forth above in challenging Columbus Equipment's garnishment lien—again asserting that Columbus Equipment has no right to the painting costs because that money was never payable to RKJ Enterprises LLC dba At Your Service due to its failure to complete the work. For the reasons set forth in Section II.A.2 of this Opinion and Order, the Court finds Access MLP Operating, LLC's argument to be without merit.

### 3. Texas State Bank's Response

Texas State Bank notes that, on May 15, 2015, it filed a notice of interest in garnishment funds, and a motion for determination of priority and stay of distribution of garnishment funds in the Franklin County Court of Common Pleas, attempting to assert its superior interest in the garnishment funds. (Doc. 74 at 2 (citing 74-2, PAGEID #: 1280–83)). However, as Texas State Bank admits, no further proceedings occurred. (*Id.*). Under the relevant law, the property is bound once the garnishment order is served. *Buckeye Water Dist.*, 972 N.E.2d at 1102 (citing O.R.C. § 2716.13(B)). As such, Texas State Bank's unresolved attempt to assert priority over those funds is not a basis for its claimed priority, and its view that "it is unlikely at best that the funds would ever have been paid to Columbus Equipment" is nothing more than speculation. (Doc. 74 at 2).

### III. CONCLUSION

For the reasons set forth above, Columbus Equipment Company's claim to the interpleaded funds is entitled to priority. Further, because the amount sought by Columbus Equipment Company exceeds the amount of interpleaded funds, the Court has not determined the priority of the remaining claims. In accordance with S.D. Ohio Civ. R. 77.2, the Clerk of Courts is DIRECTED to distribute to Columbus Equipment the full amount of the interpleaded funds that Access MLP Operating, LLC deposited with this Court on or about November 2, 2015.

Having resolved all claims to the interpleaded funds, the sole remaining issue is whether Kirk Excavating intends to pursue its claims in this case. Kirk Excavating shall file a status report within fourteen days if it intends to pursue its claims or otherwise dismiss this action.

IT IS SO ORDERED.


Date: September 12, 2016                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE